United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1079
Meredyth A. Kippes, Trial Attorney
State Bar No. 24007882

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **STW Resources Holding Corp.,** | § | **Case No.:  16-33121-BJH-11** |
| | § | |
| **Debtor.** | § | **Hearing Date:  May 4, 2017** |
| | § | **Hearing Time:  1:15 p.m.** |

**United States Trustee's Motion to Dismiss or,
in the Alternative, to Convert under 11 U.S.C. §1112(b)(1)**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case or, in the alternative, to convert this case to Chapter 7 under 11 U.S.C. §1112(b).  The United States Trustee would show:

**Summary**

STW Resources Holding Corp., d/b/a STW Pipeline Maintenance & Construction (the "Debtor"), has been under bankruptcy protection since August 2, 2016.  The Debtor is a holding company for four non-debtor subsidiaries involved in reclamation, drilling and resale of water in West Texas.  The Debtor and its subsidiaries ceased operations prepetition.  There has been no meaningful reorganization activity in this case except for the lift of stay in favor of Crown Financial, LLC on December 6, 2016 and the extension of the Debtor's exclusive period to file a plan from November 30, 3016 to February 28,

2017.  As of the date of the filing of this Motion, the Debtor has filed no plan or disclosure statement.  The extended exclusivity period has expired.  Consequently, the Debtor has not prosecuted this case in a manner consistent with a reorganization purpose and appears unable to propose or confirm a plan.   The Debtor also has the following administrative deficiencies:  (a) failure to file its monthly operating reports for January 2017 and February 2017 and (b) failure to provide a copy of its 2015 tax return to the United States Trustee.  Accordingly, the United States Trustee requests that the Court enter an order dismissing or, in the alternative, converting this case to a case under chapter 7.

### Facts and Procedural History

### The Chapter 11 Case

1.     The Debtor filed its petition in bankruptcy on August 2, 2016 (the "Petition Date").

2.     The Debtor is a holding company for four non-debtor subsidiaries involved in reclamation, drilling and resale of water in West Texas.  The Debtor and its subsidiaries ceased operations prepetition.

3.     One of the Debtor's subsidiaries Living Water Process & Technologies, LLC ("Living Water") purportedly owns valuable water rights, which the Debtor's representative, Alan Murphy, stated at the section 341 meeting on August 30, 2016, may be used to fund a plan.  Mr. Murphy also represented at the section 341 meeting of creditors that the Debtor intended to place some or all of its subsidiaries, including, Living Water, into chapter 11 and would propose joint administration and a joint plan.

4.     As of the filing of this Motion, none of the Debtor's subsidiaries have filed

**U.S. Trustee's Motion to Dismiss or Convert – Page 2 of 12**

chapter 11 petitions with this Court.

**Assets and Liabilities**

5.      The Debtor's Schedule A/B (Docket Entry No. 52) lists the following assets:

      a.      An overdrawn checking account at West Texas National Bank;

      b.      $86,267.70 in accounts receivable over 90 days old;

      c.      100% equity interest in STW Pipeline Maintenance & Construction, LLC, a nonoperating entity listed with an unknown value;

      d.      100% equity interest in Living Water Process & Technologies, LLC, f/k/a STW Water Process & Technologies, LLC listed with an unknown value;

      e.      85% equity interest in STW Energy Services, LLC, a nonoperating entity listed with an unknown value;

      f.      100% equity interest in STW Oilfield Construction, LLC, a nonoperating entity  listed with an unknown value;

      g.      Office furniture and phone systems valued at $21,805.97;

      h.      Office fixtures valued at $15,932.50;

      i.      Computer and network equipment valued at $7,661.00;

      j.      $490,340.00 in vehicles and trailers;

      k.      $321,750.00 in major equipment;

      l.      $20,959.00 in additional equipment;

      m.      $111,015.00 in minor equipment and tools;

      n.      An internet domain name with an unknown value;

      o.      Potential contractual counterclaim against GE Ionics, Inc. of an unknown value;

      p.      Potential claim against G.R. Morris for tortious interference;

      q.      Potential claim against Adam Jennings for tortious interference and theft of clients;

      r.      $356,776.37 in intercompany advances owed by STW Energy Services, LLC and described as "likely uncollectable;"

      s.      $131,547.89 in intercompany advances owed by STW Oilfield Construction, LLC and described as "likely uncollectable;" and

      t.      $313,156.75 in intercompany advances owed by in Living Water Process & Technologies, LLC, f/k/a STW Water Process & Technologies, LLC and described as "likely uncollectable.

6.      The Debtor's Amended Schedules D and E/F (Docket Entry No. 52) reflect the following liabilities:

      a.      a $139,607.71 secured claim owing to Arch Capital Funding, LLC;

      b.      a $2,300,000.00 secured claim owing to Crown Financial, LLC;

      c.      a $5,418.97 secured claim owing to Midland Central Appraisal District;

      d.      a $538.45 secured claim owing to Midland County;

      e.      a $105.61 secured claim owing to Midland County Utility District;

f.      a $193,349.96 secured claim owing to Power Up Lending Group, Ltd.;

g.      $328,246.66 in priority unsecured claims; and

h.      $30,636,942.54 in general unsecured claims (constituting claims of 14% convertible noteholders and trade debt).

**The Gary Trust Motion to Convert**

7.      On September 29, 2016, the Gary Trust filed its motion to convert this case to a case under chapter 7 (the "Motion to Convert," Docket Entry No. 43) asserting that a sale of the assets of the estate may be accomplished by a chapter 7 trustee with fewer attendant administrative costs.

8.      On October 24, 2016, Debtor filed a response opposed to the Motion to Convert (the "Debtor's Response to Motion to Convert," Docket Entry No. 62) asserting that the Gary Trust or its predecessor in interest, Salltech, are not creditors of the Debtor, but of nondebtor Living Water.  The Debtor asserted, therefore, that the Gary Trust did not have standing to bring the Motion to Convert.

9.      The Debtor also asserted that the Debtor's principals "have been working diligently to locate a plan sponsor, to raise funds, and to gather information necessary to allow for the filing of Chapter 11 petitions on behalf of its affiliated businesses, including Living Water Process & Technologies, LLC and STW Pipeline Maintenance and Construction, LLC."  *See* Debtor's Response to Motion to Convert, ¶ 14.  The Debtor further asserted that it planned "to consolidate its chapter 11 filing with those of its subsidiaries and, with the help of a plan sponsor, to move forward with the sale and/or development of remaining assets with the goal of creating a liquidating trust for the benefit of its creditors and equity security holders."  *See id.* at ¶ 15.

10.     On October 28, 2016, Redwood Fund, L.P. filed a Joinder (Docket Entry No. 66) to the Debtor's Response to Motion to Convert, asserting that it was currently in

negotiations with the Debtor to become one of the funders of an entity that may become a plan proponent. *See* Joinder, ¶ 2. Redwood Fund, L.P. requested approximately 30 days for further negotiations. *See id.*

11.     After a hearing on the Motion to Convert on November 1, 2016, the Court denied the Motion to Convert finding that it was premature due to Redwood Fund, L.P.'s active interest in funding a special purpose entity to sponsor a plan. An order denying the Motion to Convert was entered by this Court on November 3, 2016 (Docket Entry No. 72).

**Exclusivity and the Plan Process**

12.     On November 4, 2016, the Debtor filed a motion to extend the exclusive period within which it may file a plan (the "Exclusivity Motion," Docket Entry No. 75). By the Exclusivity Motion, the Debtor sought to extend its exclusivity period within which to file a plan an additional 90 days, from November 30, 2016 to February 28, 2017, and to extend its exclusive solicitation period to April 29, 2017. The Debtor premised the extension upon its continued negotiations with Redwood Fund, L.P. and the need for an additional 60 to 90 days to capitalize the plan sponsor and formulate a plan and disclosure statement.

13.     On December 1, 2016, the Debtor filed the Debtor's Local Rule 3016(c) Report Regarding Proposed Plan of Reorganization (the "Plan Report," Docket Entry No. 85). In the Plan Report, paragraph 2, the Debtor set forth the progress it has made since November 1, 2016:

a. Alpha Water Resources, LLC (hereinafter "Alpha") has been formed to act as the special purpose entity referenced above;

b. Redwood has provided Alpha with an initial $100,000.00 line of credit;

c. Alan Murphy has been offered the position of Executive Vice President of Business Development with Alpha; and

d. Alpha is currently seeking additional investors that will be needed to fund construction of an initial monitor well needed to move the contemplated water projects forward.

14. Given such steps toward proposing a plan, the Debtor set forth a timetable for filing a plan in paragraph 3 of the Plan Report:

a. Capitalization of the special purpose entity that will act as the plan sponsor will be completed no later than January 31, 2017;

b. A proposed plan of reorganization and disclosure statement will be filed with the Court no later than February 28, 2017; and

c. Balloting will be completed no later than April 29, 2017.

15. On December 23, 2016, the Court entered an order (Docket Entry No. 94) extending the Debtor's exclusive period within which to file a plan until February 28, 2017 and extending its exclusive period within which to solicit acceptances of the plan to April 29, 2017.

16. As of the filing of this Motion, no plan or disclosure statement has been filed by the Debtor.

17. The Debtor has not sought a further extension of its February 28, 2017 exclusivity

deadline and, thus, the exclusive period within which the Debtor may file its plan has expired.

**Agreed Lift of Stay in Favor of Crown Financial, LLC**

18.    On November 14, 2016, Crown Financial, LLC ("Crown Financial") filed its Motion Pursuant to Fed. R. Bankr. P. 4001(d) for Entry of Agreed Order Terminating Stay (the "Crown Financial Lift Stay Motion," Docket Entry No. 80).

19.    Crown Financial asserts a first lien secured interest in substantially all of the Debtor's assets, including inventory, equipment, accounts, deposit accounts, and general intangibles.  Prepetition, Crown Financial took possession of, stored, and insured certain of the Debtor's equipment (the "Equipment") which was pledged as collateral for Crown Financial's claim.  Upon information and belief, the Equipment constitutes most of or all of the equipment, vehicles and trailers listed on the Debtor's Schedule A/B.

20.    By the Crown Financial Lift Stay Motion, Crown Financial and the Debtor sought approval of an agreed order lifting stay as to the Equipment.

21.    On December 6, 2016, the Court entered the Agreed Order Terminating the Automatic Stay (Docket Entry No. 87) as to the Equipment.

**Monthly Operating Reports**

22.    The Debtor is delinquent in filing its January 2017 and February 2017 monthly operating reports.  The Debtor's March 2017 monthly operating report will come due on April 20, 2017.

23.    The monthly operating reports that the Debtor has filed for August through December 2016 reflect little or no activity.  Ending cash on the December 2016 monthly operating report was $576.  Total postpetition liabilities on the December 2016 monthly

operating report are $18,609.15, which represent accrued professional fees.

**Tax Returns**

24.     The Debtor has failed to provide its 2015 tax return to the United States Trustee.

**United States Trustee Fees**

25.     The Debtor is current in payment of United States Trustee fees through the fourth quarter of 2016.  The Debtor will owe United States Trustee fees for the first quarter of 2017, which have not yet been calculated and which will be estimated in the amount unless the Debtor comes current in filing its monthly operating reports.

**Argument**

**General discussion of burdens when dismissal is sought:**

26.     Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.  11 U.S.C. §1112(b)(1).

27.     If cause is established, the burden shifts to the Debtor to prove that it falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion.  *Id*. at § 1112(b)(2).  The Legislative History explains that the exception applies only if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of time." H.R. Rep. No. 109-31(1) at 94 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198,

*reprinted in, In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007).

28.     The Debtor's inability to propose a plan and its delinquencies in meeting certain chapter 11 administrative obligations form grounds for dismissal or conversion of this case.

**No Reasonable Prospect for Reorganization**

29.     The Debtor's failure to file a plan and disclosure statement on or before February 28, 2017, its extended exclusivity deadline, suggests that the Debtor is unable to propose or confirm a plan and has no reasonable prospect of reorganization.  The Debtor has taken no meaningful steps toward a reorganization or liquidation plan apart from extension of exclusivity, the Plan Report promising a plan by February 28, 2017, and the agreed lift stay in favor of Crown Financial.

30.     At the time the Court heard the Gary Trust Motion to Convert, this case was approximately three months old and the Debtor and Redwood Fund, L.P. urged the Court to give them more time.  The Court agreed that conversion was premature and denied the Gary Trust Motion to Convert.

31.     As of the filing of this Motion, the case is now approximately eight months old, and no meaningful progress has been made toward a plan since the hearing on the Gary Trust Motion to Convert.  Exclusivity has expired.  No plan or disclosure statement is on file.  Operating reports are delinquent.  The Debtor is not prosecuting this case consistent with a goal to proposing a reorganization or liquidating plan.  Accordingly, the Court should dismiss this case in accordance with 11 U.S.C. § 1112(b)(4)(A).

**Delinquent Monthly Operating Reports**

32.     Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F), (H).

33.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

> Local Bankr. R. 2020-1.

34.     The United States Trustee's Guidelines for Chapter 11 Cases Northern & Eastern Districts of Texas Region VI (the "Guidelines") requires debtors to file monthly operating reports with the Bankruptcy Court on the 20th day of the month following the reporting period.

35.     The Debtor has failed to file monthly operating reports for January 2017 and February 2017.  Accordingly, the Court should dismiss this case in accordance with 11 U.S.C. § 1112(b)(4)(F) and (H).

**Failure to Provide Tax Returns**

36.     The Debtor has failed to provide documentation reasonably requested by the United States Trustee, its 2015 filed tax return, which forms cause for dismissal or conversion of this bankruptcy case under 11 U.S.C. § 1112(b)(4)(H).  *See also* Local Bankr. R. 2010-1.

**In the alternative, this case should be converted to chapter 7.**

37.     Alternatively, if the Court finds that dismissal of this case is not in the best

interests of creditors and the estate, the foregoing cause warrants conversion of this case

to a case under chapter 7.   11 U.S.C. § 1112(b)(2).

## Conclusion

For these reasons, the United States Trustee respectfully requests that the Court:

A.      Dismiss this case; or

B.      In the alternative, convert this case to a case under chapter 7; and

C.      Grant further proper relief.

Dated: March 31, 2017.                          Respectfully Submitted,

                                                WILLIAM T. NEARY
                                                UNITED STATES TRUSTEE

                                                */s/ Meredyth A. Kippes*
                                                Meredyth A. Kippes, Trial Attorney
                                                State Bar No. TX 24007882
                                                Office of the United States Trustee
                                                1100 Commerce St.  Room 976
                                                Dallas, Texas  75242
                                                meredyth.a.kippes@usdoj.gov
                                                Phone:  (214) 767-1079

## Certificate of Conference

On March 30, 2017, the United States Trustee sent an e-mail to counsel for the

Debtor inquiring whether the Debtor would oppose the motion to dismiss.  Counsel for

the Debtor was unable to say on March 30, 3017 whether the Debtor will oppose the

motion to dismiss, but promised to get back to the United States Trustee after he has been

able to confer with his client on or after April 4, 2017.  The United States Trustee will file

an amended certificate of conference after counsel for the United States Trustee and

Debtor's counsel have conferred a second time on or after April 4, 2017.

                                                */s/ Meredyth A. Kippes*
                                                Meredyth A. Kippes

## Certificate of Service

I certify that I sent copies of the foregoing document on March 31, 2017 to the parties listed below via ECF or First Class United States Mail.

*/s/ Meredyth A. Kippes*
Meredyth A. Kippes

Mike Mitchell
DeMarco-Mitchell, PLLC
1255 West 15th Street, Suite 805
Plano, Texas  75075

STW Resources Holding Corp.
5307 E. Mockingbird Lane
5th Floor, Mockingbird Station
Dallas, Texas  75206

Jeff P. Prostok
Clarke V. Rogers
Forshey & Prostok, LLP
777 Main Street, Suite 1290
Fort Worth, Texas  76102

Daniel P. Winikka
Loewinsohn Flegle Deary Simon LLP
12377 Merit Drive, Suite 900
Dallas, Texas  75251

Christopher J. Moser
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201

Kimberly A. Walsh
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas  78711-2548

Jolene M. Wise
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, Illinois  60604

Harrel L. Davis
Gordon Davis Johnson & Shane, P.C.
P.O. Box 1322
El Paso, Texas  79947-1322

Laura J. Monroe
Perdue, Brandon, Fielder,
Collins & Mott, LLP
P.O. Box 817
Lubbock, Texas  79408

Joyce W. Lindauer
12720 Hillcrest Road, Suite 625
Dallas, Texas  75230

Sanford L. Frey
Leech Tishman Fuscaldo & Lampl
100 Corson Street
Third Floor
Pasadena, California  01103

Eric A. Liepins
12770 Coit Road, Suite 1100
Dallas, Texas  75251

Lee Gordon
McCreary, Veselka, Bragg, & Allen, P.C.
P.O. Box 1269
Round Rock, Texas  78680

Hyatt Harvey
Watson Packer, LLC, d/b/a Chief Services
600 North Big Spring Street
Midland, TX  79701

Glenn Reisman
GE Ionics, Inc.
12 Old Hollow Road, Ste. B
Trumbull, CT  06611

Rhonda J. Parish
627 Cherokee Circle
Orlando, FL  32801